820 F.2d 973
 1987 Copr.L.Dec. P 26,105, 3 U.S.P.Q.2d 1283
 DEL MADERA PROPERTIES, a Joint Venture, Leonard Cahn, an
individual, and John Rupp, an individual,
Plaintiffs-Appellants/Cross-Appellees,
v.
RHODES AND GARDNER, INC., a California corporation; Dean A.
Rhodes, an individual; the Bank of the Orient, a
corporation; TBA Corporation, a California corporation;
Balfour Financial Corporation, a California corporation;
and Tiburon Peaks, a Limited Partnership,
Defendants-Appellees/Cross-Appellants.
 Nos. 85-2581, 85-2687.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 11, 1987.
Order and Opinion June 23, 1987.
 
 William C. Milks, III, San Francisco, Cal., for plaintiffs-appellants/cross-appellees.
 Aaron M. Peck, Los Angeles, Cal., Martin Kresse, Robert Yorio, David B. Leichenger, Lora J. Thielbar, San Francisco, Cal., for defendants-appellees/cross-appellants.
 Appeal from the United States District Court for the Northern District of California.
 Before SCHROEDER, WIGGINS and THOMPSON, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 Del Madera Properties, a joint venture, and its members, Leonard Cahn and John Rupp (Del Madera), brought this action for copyright infringement, unfair competition, and unjust enrichment against Rhodes and Gardner, Inc., Dean A. Rhodes, The Bank of the Orient, TBA Corporation, Balfour Financial Corporation, and Tiburon Peaks (defendants). Del Madera alleges that the defendants misappropriated its time and effort and used a copyrighted Tentative Map, prepared at Del Madera's expense, to develop land previously owned by Del Madera Properties. After three days of trial, but before Del Madera rested its case, the district court dismissed Del Madera's claims for unfair competition and unjust enrichment. The jury returned a special verdict on the copyright claim. It found that although Del Madera had obtained a valid copyright in the Tentative Map, the defendants had not infringed that copyright. 637 F.Supp. 262.
 
 
 2
 Del Madera appeals from the order dismissing its unfair competition and unjust enrichment claims. It also contends the district court's jury instructions were erroneous, and appeals that portion of the judgment determining that the defendants had not infringed its copyright. The defendants cross-appeal from the portion of the judgment determining that Del Madera's copyright is valid. The defendants contend they should be awarded attorney fees, both for the trial and on appeal. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 FACTS
 
 3
 In 1979, plaintiff Leonard Cahn acquired property in Tiburon, California for development as a subdivision. Notes secured by deeds of trust on the property were executed by Cahn on behalf of plaintiff Del Madera Properties, a joint venture. Del Madera began to develop the property. Defendant Rhodes and Gardner, Inc., an engineering firm, and Bachen, Arrigoni and Ross, an architectural firm, were hired to prepare plans and maps. McCart Associates was hired as a planning consultant. A master plan was prepared at Del Madera's request and at its expense. The plan reflected the proposed placement of lots, roads and open spaces. It was submitted to the Town of Tiburon in April 1980, and approved in April 1981. A Tentative Map, based on the approved master plan, was approved by the Town of Tiburon in August 1981.
 
 
 4
 Del Madera Properties defaulted on the notes secured by deeds of trust on the property and filed a Chapter 11 bankruptcy proceeding. In 1983 the Bank of the Orient and Balfour Financial Corporation, holders of one of the notes, completed foreclosure and became the owners of the property. The Bank and Balfour then hired the same consultants who had previously provided services to Del Madera, and developed the property according to the Tentative Map.
 
 
 5
 About a month after the Bank and Balfour completed their foreclosure, in June 1983, Del Madera Properties registered a claim of copyright to the Tentative Map. The registration listed Cahn as the author of the work. In April 1984, E. Bruce Ross, of Bachen, Arrigoni and Ross, the original general architect for the project, registered a copyright in the Tentative Map and assigned his copyright rights to Del Madera Properties. Del Madera claims the defendants infringed its copyright by using the Tentative Map to develop the property. Del Madera also claims that the defendants misappropriated the time and effort Del Madera expended to create the Tentative Map, that the defendants benefited from Del Madera's effort in obtaining approval of the subdivision, and that defendants have been unjustly enriched.
 
 DISCUSSION
 
 6
 A. Summary Dismissal of Claims for Unfair Competition and Unjust Enrichment
 
 1. Standard of Review
 
 7
 The defendants' motion to dismiss the unfair competition and unjust enrichment claims was originally framed as a Rule 12(b)(6) motion to dismiss for failure to state a claim. After three days of trial, the district court denied this motion. Because it appears the district court considered matters outside the pleadings in ruling on the motion, the motion is treated as a motion for summary judgment under Rule 56. A grant of summary judgment is reviewed de novo. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). In reviewing a summary judgment, we must view the evidence in the light most favorable to the non-moving party (Del Madera) and draw all possible inferences in its favor. Id.
 
 
 8
 The district court's interpretation of state law is reviewed de novo. In re McLinn, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc).
 
 2. Preemption
 
 9
 Del Madera argues that its federal copyright claim did not preempt its state law claims for unfair competition and unjust enrichment, and that the district court erred in dismissing these claims on this ground.
 
 
 10
 Section 301 of the Copyright Act[1] establishes a two-part test for preemption. First, the Tentative Map and all work supporting it "must come within the 'subject matter of copyright' as defined in Sections 102 and 103 of the Copyright Act. Second, the rights granted under state law must be 'equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106 [of the Copyright Act].' " Harper & Row, Publishers, Inc. v. Nation Enterprises, 501 F.Supp. 848, 850 (S.D.N.Y.1980), aff'd, 723 F.2d 195 (2d Cir.1983), rev'd on other grounds, 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985).
 
 
 11
 a. Subject Matter of Copyright
 
 
 12
 Del Madera claims that the defendants misappropriated (1) the Tentative Map itself, (2) supporting documents, and (3) time and effort Del Madera spent in creating the map and supporting documents and in seeking approval of the subdivision. The Tentative Map itself falls within the category of pictorial, graphic, and sculptural works.[2] See United States v. Hamilton, 583 F.2d 448 (9th Cir.1978) (maps fall within the subject matter of copyright). Supporting documents such as the vegetation plan and the covenants, conditions and restrictions are copyrightable subject matter under section 102 (maps and literary works).[3]
 
 
 13
 Effort expended to create the Tentative Map and supporting documents is effort expended to create tangible works of authorship. As such, this effort is within the scope of copyright protection. See Mayer v. Josiah Wedgwood & Sons, Ltd., 601 F.Supp. 1523, 1535 (S.D.N.Y.1985) (misappropriation of author's talent and effort in creating a work "is precisely the type of misconduct the copyright laws are designed to guard against"). Effort expended to obtain subdivision approval, however, is not effort expended to create a tangible work of authorship. As such, it is not copyrightable subject matter, and it is not subject to preemption under the Copyright Act.[4]
 
 
 14
 b. Equivalent Rights
 
 
 15
 To satisfy the "equivalent rights" part of the preemption test, Del Madera's unfair competition and unjust enrichment claims which are predicated upon the defendants' alleged misappropriation of the Tentative Map and supporting documents must be equivalent to rights within the general scope of copyright as specified by section 106 of the Copyright Act. Section 106 provides a copyright owner with the exclusive rights of reproduction, preparation of derivative works, distribution, and display. 17 U.S.C. Sec. 106. To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights. Harper & Row, 501 F.Supp. at 852. The state claim must have an "extra element" which changes the nature of the action. Mayer, 601 F.Supp. at 1535.
 
 
 16
 (1) Unfair Competition
 
 
 17
 Del Madera's unfair competition claim, as it pertains to the alleged misappropriation of time and effort in creating the Tentative Map and supporting documents, is based upon an alleged breach of fiduciary duty by Martha McCart. Originally, the Del Madera joint venture consisted of Cahn, Rupp, and McCart Associates (Jim Lombard and Martha McCart). McCart Associates later withdrew from the Del Madera joint venture. Martha McCart was then hired by defendant Bank of the Orient to provide services in the development of the Tiburon property. Del Madera argues that when McCart provided services to the defendants which enabled them to develop the property using documents and information she acquired while a joint venturer in the Del Madera joint venture, she breached her fiduciary duty to Del Madera, a breach which the defendants allegedly induced.
 
 
 18
 This argument, however, does not add any "extra element" which changes the nature of the action. The argument is constructed upon the premise that the documents and information McCart furnished to the defendants belonged to Del Madera and were misappropriated by the defendants. Del Madera's ownership of this material, and the alleged misappropriation by the defendants, are part and parcel of the copyright claim. Thus, Del Madera's unfair competition claim for misappropriation of its time and effort expended in producing the Tentative map and supporting documents is preempted.
 
 
 19
 (2) Unjust Enrichment
 
 
 20
 The foundation of Del Madera's unjust enrichment claim is its contention that the defendants violated an implied promise, based on the parties' relationship, not to use the Tentative Map and supporting documents. But an implied promise not to use or copy materials within the subject matter of copyright is equivalent to the protection provided by section 106 of the Copyright Act. Therefore, this portion of Del Madera's unjust enrichment claim is also preempted.
 
 3. Dismissal of State Claims on Merits
 
 21
 We now consider the district court's dismissal of the portion of Del Madera's state claims for unfair competition and unjust richment pertaining to the alleged misappropriation of time and effort spent in obtaining approval of the subdivision. In its order dismissing these claims, the district court concluded: "The misappropriation action will not lie here. Not necessarily because it's preempted but because it's improper on its own terms." (Reporter's Transcript at 5-34.) We agree.
 
 
 22
 a. Unfair Competition
 
 
 23
 Del Madera's unfair competition claim alleging misappropriation of time and effort expended to obtain approval of the subdivision is predicated upon an alleged breach of a fiduciary duty. Martha McCart was a member of McCart Associates which was formerly part of the Del Madera joint venture. Del Madera contends that when the defendants obtained from McCart documents and information she acquired while McCart Associates was a joint venturer in the Del Madera joint venture, they breached a fiduciary duty owed to Del Madera.
 
 
 24
 Defendants, however, were never in a fiduciary relationship with Del Madera. McCart may have been, but she is not a party to this action. Since the defendants were not in a fiduciary relationship with Del Madera, they did not breach a fiduciary duty owed to Del Madera.
 
 
 25
 b. Unjust Enrichment
 
 
 26
 Del Madera contends that the defendants received the benefit of Del Madera's services rendered in the pursuit of subdivision approval, and the defendants should pay for these services.
 
 
 27
 Under California law, to entitle a plaintiff to recover for services performed, "the circumstances must be such as to warrant the inference that it was the expectation of both parties during the time the services were rendered that the compensation should be made." 1 B. Witkin, Summary of California Law, Contracts Sec. 50, at 60-61 (8th ed. 1973 & Supp.1984) (emphasis in original). There was no relationship between Del Madera and the defendants to justify such an expectation. Del Madera's reliance upon Kossian v. American National Insurance Co., 254 Cal.App.2d 647, 62 Cal.Rptr. 225 (1967) is misplaced. In Kossian, the defendant had received the benefit of the plaintiff's labor in removing debris from fire-damaged property. Although the plaintiff had removed the debris, the defendant recovered part of this cost of removal from an insurance company. The California Court of Appeal directed the trial court to determine how much money the defendant had recovered from the insurance company for work performed by the plaintiff and to remit that portion of the recovery to the plaintiff. There was no preexisting relationship between the plaintiff and the defendant. The court mentioned unjust enrichment as a basis for compensating the plaintiff, but the decision was predicated upon an implied-in-law obligation "imposed because good conscience dictates that under the circumstances the person benefited should make reimbursement." 254 Cal.App.2d at 650, 62 Cal.Rptr. at 227. We agree with the trial court that the decision in Kossian is "nothing more or less, when you read the case, than the court applying equity under the most unusual circumstances." (Reporter's Transcript 4-35).
 
 B. Jury Instructions
 1. Standard of Review
 
 28
 In reviewing jury instructions to which timely objections have been made, we determine "whether, viewing the jury instructions as a whole, the trial judge gave adequate instructions on each element of the case to insure that the jury fully understood the issues. A court is not required to use the exact words proposed by a party, incorporate every proposition of law suggested by counsel or amplify an instruction if the instructions as given allowed the jury to determine intelligently the issues presented." Los Angeles Memorial Coliseum Comm'n v. National Football League, 726 F.2d 1381, 1398 (9th Cir.) (citations omitted), cert. denied, 469 U.S. 990, 105 S.Ct. 397, 83 L.Ed.2d 331 (1984). See also United States v. Wellington, 754 F.2d 1457, 1463 (9th Cir.) (the trial court has broad discretion in formulating instructions and will be reversed only upon a showing of abuse of discretion), cert. denied, --- U.S. ----, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985). However, a defendant is entitled to an instruction concerning his or her theory of the case if it is supported by law and has some foundation in the evidence. Underhill v. Royal, 769 F.2d 1426, 1423 (9th Cir.1985).
 
 
 29
 An error in instructing the jury in a civil case does not require reversal if it more probably than not is harmless. Coursen v. A.H. Robins Co., 764 F.2d 1329, 1337 (9th Cir.), corrected, 773 F.2d 1049 (9th Cir.1985). See also Kisor v. Johns-Manville Corp., 783 F.2d 1337, 1340 (9th Cir.1986) (the appellate court must consider "whether the instruction is misleading or states the law incorrectly to the prejudice of the objecting party").
 
 2. The Instructions
 
 30
 a. The "Misread" Estoppel Instruction
 
 
 31
 Defendants submitted following jury instruction No. 1024:
 
 
 32
 One who acquiesces with knowledge of infringement over a long period of time is estopped to claim copyright infringement.
 
 
 33
 And if you find that Ross was it [sic] owner--was the author of the Tentative Map, and that Cahn or Ross knew or reasonably should have known that defendants made copies of the Tentative Map over an extended period of time, then the plaintiffs are estopped to claim infringement.
 
 
 34
 And the elements of estoppel are, one, that the plaintiffs had knowledge of the defendants' alleged infringement; two, that the plaintiffs acted in a manner upon which the defendants could reasonably rely; three, that the defendants did not know the plaintiffs claimed a copyright when they first made copies of the Tentative Map; and four, that defendants relied on the plaintiffs' conduct.
 
 
 35
 And just by way of example, if you find, one, that the plaintiffs knew that the defendants had made copies of the tentative map; two, that plaintiffs claimed the Del Madera partnership owned no copyrights in their Chapter 11 bankruptcy petition; three, because of the petition, defendants did not know that plaintiffs claimed copyright; and four, defendants made copies of the Tentative Map; then plaintiffs are estopped to claim copyright in the Tentative Map.
 
 
 36
 The court instructed the jury prior to closing arguments and read this instruction in full. Thereafter, during a recess, Del Madera's counsel objected to the court having read the last paragraph of the instruction. The court had ruled previously that any reference to Del Madera Properties' Chapter 11 bankruptcy proceeding would be limited to the issue of Cahn's credibility. Del Madera's counsel suggested that the last paragraph of the instruction be deleted from the copy of the written instructions given to the jury for use during deliberations. Defendants' counsel agreed and this was done.
 
 
 37
 Del Madera claims it was prejudiced by the court having read the entire instruction to the jury, especially in view of its prior ruling that any reference to the bankruptcy proceedings would be limited to Cahn's credibility. Del Madera argues that cutting off the last paragraph before handing the written set of instructions to the jury did not cure the error. We conclude the court's reading of the portion of the instruction to which Del Madera objects was more probably than not harmless, Coursen, 764 F.2d at 1337, and does not constitute reversible error.
 
 
 38
 b. The Estoppel Instructions as a Whole
 
 
 39
 Del Madera also argues that, as a whole, the jury instructions concerning estoppel are "severe mischaracterizations of the law thereby rendering all estoppel instructions erroneous." We disagree. The estoppel instructions which were given fairly reflect the law of estoppel in California.[5] The instructions were sufficient under the facts of this case.[6]
 
 C. Cross-Appeal
 
 40
 Defendants cross-appeal from the judgment entered upon the jury's verdict that Del Madera had a valid copyright in the Tentative Map. The copyright had been assigned to Del Madera by the architect, Ross. Defendants argue that because Ross was not the author of the map, the copyright he registered was invalid. Thus, defendants claim that Del Madera did not acquire a valid copyright through Ross' assignment.
 
 
 41
 The question of authorship of a copyrighted work is a question of fact for the jury. Sargent v. American Greetings Corp., 588 F.Supp. 912 (N.D.Ohio 1984). The standard for review of a jury's verdict is whether it is supported by "substantial evidence," that is, such relevant evidence as reasonable minds might accept as adequate to support the conclusion. Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1013-14 (9th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986). In this case, substantial evidence supports the jury's finding that Del Madera obtained a valid copyright in the Tentative Map.
 
 D. Attorney Fees
 
 42
 Defendants contend they should be awarded attorney fees, both for the trial and for this appeal, under section 505 of the Copyright Act.[7] The award of costs and attorney fees under 17 U.S.C. Sec. 505 is predicated upon a finding of bad faith or frivolity. Lifshitz v. Walter Drake & Sons, Inc., 806 F.2d 1426, 1435 (9th Cir.1986), citing Cooling Systems & Flexibles, Inc. v. Stuart Radiator, Inc., 777 F.2d 485, 493 (9th Cir.1985). Del Madera's claims were neither frivolous nor prosecuted in bad faith. Defendants are not entitled to attorney fees.
 
 
 43
 AFFIRMED.
 
 
 
 [1]
 Section 301 provides in pertinent part:
 (a) On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.
 (b) Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to--
 (1) subject matter that does not come within the subject matter of copyright as specified by sections 102 and 103, including works of authorship not fixed in any tangible medium of expression; or
 * * *
 (3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106.
 17 U.S.C. Sec. 301.
 
 
 [2]
 Section 102 provides copyright protection for "original works of authorship fixed in any tangible medium of expression," which include "literary works" and "pictorial, graphic, and sculptural works." 17 U.S.C. Sec. 102
 " 'Pictorial, graphic, and sculptural works' include two-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, technical drawings, diagrams, and models." 17 U.S.C. Sec. 101.
 
 
 [3]
 " 'Literary works' are works, other than audiovisual works, expressed in words, numbers, or other verbal or numerical symbols or indicia, regardless of the nature of the material objects, such as books, periodicals, manuscripts, phonorecords, film, tapes, disks, or cards, in which they are embodied." 17 U.S.C. Sec. 101
 
 
 [4]
 We consider in Part A3, infra, whether dismissal of Del Madera's state claims for unfair competition and unjust enrichment as they pertain to the alleged misappropriation of time and effort expended to obtain subdivision approval was appropriate
 
 
 [5]
 Estoppel requires:
 (1) a representation or concealment of material facts (2) made with the knowledge, actual or virtual, of the facts (3) to a party ignorant, actually and permissibly, of the truth (4) with the intention, actual or virtual, that the latter act upon it; and (5) the party must have been induced to act upon it.
 
 
 [7]
 B. Witkin, Summary of California Law, Equity Sec. 132, at 5352 (8th ed. 1974 & Supp.1984) (citations omitted)
 
 
 [6]
 Because we conclude that the estoppel instructions were sufficient, we do not reach the question whether there was a waiver or failure to properly object to them
 
 
 [7]
 Section 505 provides:
 In any civil action under this title, the court in its discretion may allow recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.
 17 U.S.C. Sec. 505.