892 F.2d 74
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
JM SMITH CORPORATION, d/b/a Smith Data etc. Processing,
Plaintiff-Appellant,
v.
PC I CORP; Hill Pharmacy Group, Inc; Kenneth A. Hill;
W.K. Enterprises, Inc; Wes King; Richie S. Lynn, d/b/a
Rich-2 Pharmacy Consulting Services; Professional Systems
S.E., Inc; A. Rodney Ashbaugh; Dr. T.C. Smith Company,
Defendants-Appellees.
JM SMITH CORPORATION, d/b/a Smith Data etc. Processing,
Plaintiff-Appellee,
v.
PC I CORP; Hill Pharmacy Group, Inc; Kenneth A. Hill;
W.K. Enterprises, Inc; Wes King; Richie S. Lynn, d/b/a
Rich-2 Pharmacy Consulting Services; Professional Systems
S.E., Inc; A. Rodney Ashbaugh; Dr. T.C. Smith Company,
Defendants-Appellants.
 Nos. 88-3181, 88-3186.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 2, 1989.
Decided: Dec. 6, 1989.
Rehearing and Rehearing In Banc Denied Jan. 22, 1990.
 
 1
 Ralph Bailey (John B. Hardaway, Bailey & Hardaway, on brief), for appellant.
 
 
 2
 Mack Ed Swindle (Thomas F. Harkins, Jr., Gandy Michener Swindle Whitaker & Pratt, on brief), for appellees.
 
 
 3
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, PHILLIPS, Circuit Judge, and CLAUDE M. HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 CLAUDE M. HILTON, District Judge:
 
 4
 This appeal and cross-appeal arose out of an action for infringement of copyrights, misappropriation of trade secrets and unfair trade practices, and counterclaims for tortious interference, abuse of process, unfair trade practices, and breach of an earlier settlement agreement. After a bench trial on the merits, the district judge held that a settlement agreement barred all claims of pre-settlement copying, damages proof was too speculative to permit any award, and the state-law claims were preempted. He found against the defendants on their counterclaims. We affirm.
 
 I.
 
 5
 Plaintiff, Smith Data Processing ("SDP"), began as a wholesale pharmaceutical business in the 1940s. In 1977, plaintiff contracted with a partnership, G & H Limited ("G & H"), for the purpose of converting a computer program previously developed by G & H (QS/1 Pharmacy System) into a program compatible with and run on an IBM Series I computer. The program was to be prepared by SDP, but would be the exclusive property of G & H. After development of this system, SDP sold this system by license from G & H in an assigned territory of the United States. Several of the various sales distributors for the QS/1 system are individual defendants in this case. SDP eventually bought the QS/1 product in 1981. Prior to this purchase the principals of G & H had begun to develop another pharmacy computer program--the G/H Plus Pharmacy System. There was no mention of this new system in the sales agreement.
 
 
 6
 With the advent of personal computers, two former employees of G & H, Lyle and Guld, entered into an agreement with G & H for an exchange of technology relating to the G/H Plus product. Lyle and Guld developed a new system compatible with an IBM personal computer and sold all rights to the system to Hill, a former distributor for SDP, who formed the pc I Corporation ("pc I"). Shortly thereafter, upon invitation of Hill, two representatives of SDP viewed the new pc I system. They concluded that it was substantially similar to the QS/1 product. SDP thus alleged that Hill and pc I were infringing upon a trademark belonging to SDP, were infringing on SDP's copyright, and had misappropriated confidential information belonging to SDP by incorporating certain enhancements of SDP's pharmacy system into the pc I system.
 
 
 7
 Defendants specifically denied all claims of wrongdoing but agreed to meet with SDP. A settlement was reached on May 31, 1983, in which SDP released pc I, Hill, and their agents, employees, and servants from "any and all past and present claims [SDP] may have against them relating from their individual or collective activities relative to the pc I pharmacy system."
 
 
 8
 After the settlement agreement was entered into and while it was being consummated, SDP and pc I continued to revise, expand, and market their respective systems. In addition to adding components to its system, SDP decided to convert its QS/1 system to make it compatible with an IBM personal computer.
 
 
 9
 In July of 1985, two years after the settlement agreement was entered into, this litigation was instituted. SDP claimed that although the "enhanced" (post-settlement) pc I contains new material which is original to the defendants, it is an unauthorized derivative work of plaintiff's copyrighted expressions of its preexisting QS/1 system. In addition, SDP claimed that additional causes of actions stemmed from these basic contentions. Defendants, on the other hand, asserted that the only new claim advanced by the suit was copying as to one specific portion of the program and that all other claims were governed by the settlement agreement. They argued that the suit was brought merely to interfere with pc I's competitive advantage in the pc pharmaceutical market.
 
 II.
 
 10
 In the initial summary judgment order, the trial court ruled that the settlement agreement barred any claim for copyright infringement which occurred prior to the date of the settlement agreement. At the conclusion of the bench trial, the court found that post-settlement copying had occurred as to one portion of the program but not as to any others, and that the federal copyright statute preempted appellant's trade secret claim. The court refused to award damages finding the proof too speculative and issued injunctive relief to cover the copied portions of the program.
 
 
 11
 The counterclaims were resolved against the defendants on the findings that the action was brought in good faith and that plaintiff had not breached the settlement agreement.
 
 III.
 
 12
 On appeal, appellant contends that the settlement agreement reached between the parties does not extend to derivative works of the program that existed at the time of settlement. This issue was properly resolved in the summary judgment finding that the misappropriation which plaintiff claimed was, in part, the same misappropriation alleged by the plaintiff prior to the settlement agreement.
 
 
 13
 Appellant further contends that the findings as to post-settlement copying were clearly erroneous. This claim must be rejected. The trial court was in the best position to make determinations as to whether or not copying had occurred. There was ample evidence to support the decision, and this court will not disturb the judge's factual findings. See Anderson v. City of Bessemer, 470 U.S. 564, 573-74 (1985).
 
 
 14
 Appellant also complains that the trial court erroneously excused Hill's secrecy obligation to SDP. Appellant fails, however, to explain why, based on its assertions as to the copyrighted nature of the material allegedly misappropriated or misused, the rule of federal preemption of copyright claims would not control. See Del Madera Properties v. Rhodes and Gardner, Inc., 820 F.2d 973, 976-77 (9th Cir.1987); Videotronics, Inc. v. Bend Electronics, 564 F.Supp. 1471 (D.Nev.1983).
 
 
 15
 Finally, appellant asks for a remand on the issue of damages and injunctive relief. This court finds that there was ample evidence to support the ruling on these issues.
 
 
 16
 On cross-appeal, appellees assert error in the finding that plaintiffs did not breach the settlement agreement, and argue that plaintiff's persistence in prosecuting this action demonstrates an abuse of process. They further assert that they are entitled to attorneys fees for their defense of the infringement claim. This court has considered the claims and finds appellees' argument to be without merit.
 
 
 17
 As there was ample evidence to support the findings and conclusions in this case, we affirm without further discussion of the issues on the well-reasoned opinion of the district court.
 
 
 18
 AFFIRMED.