70 F.3d 1278
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ITSI T.V. PRODUCTIONS, INC., Plaintiff-Appellant,
v.
CALIFORNIA AUTHORITY OF RACING FAIRS; Alameda County Fair
Association; Solano County Fair Association; Sonoma County
Fair & Exposition, Inc.; San Joaquin County Fair; Humboldt
County Fair; Los Angeles County Fair; Fresno County Fair;
Sports Form, Inc.; Video Sports of America; Sports Media
Network; Bay Meadows Racing Association; Great Kern County
Fair; Santa Barbara County Fair; Pacific Racing
Association; Monterey County Fair; 1Redwood Acres Fair;
Shasta District Fair; Santa Clara County Fair; Del Mar
Fair; Riverside County National Date Festival; Antelope
Valley Fair; National Orange Show; Santa Barbara National
Horse and Flower Show; Ventura County Fair; Bay Meadows
Operating Company, Defendants-Appellees.
ITSI T.V. PRODUCTIONS, INC., Plaintiff-Appellee,
v.
CALIFORNIA AUTHORITY OF RACING FAIRS, ("CARF"); Alameda
County Fair; Solano County Fair Association; Sonoma County
Fair & Exposition, Inc.; Humboldt County Fair; Los Angeles
County Fair Association; Sports Form, Inc.; Video Sports
of America; Sports Media Network; Bay Meadows Racing
Association; Pacific Racing Association; Santa Clara
County Fair; Riverside County National Date Festival;
National Orange Show; Bay Meadows Operating Company,
Defendants-Appellants.
ITSI T.V. PRODUCTIONS, INC., Plaintiff-Appellee,
v.
CALIFORNIA AUTHORITY OF RACING FAIRS, ("CARF"); Alameda
County Fair; Solano County Fair Association; Sonoma County
Fair & Exposition, Inc.; Humboldt County Fair; Los Angeles
County Fair Association; Sports Form, Inc.; Video Sports
of America; Sports Media Network; Bay Meadows Racing
Association; Pacific Racing Association; Santa Clara
County Fair; Riverside County National Date Festival;
National Orange Show; Bay Meadows Operating Company,
Defendants-Appellants.
 Nos. 93-16717, 93-16718 and 93-17167.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1995.
Decided Nov. 27, 1995.
 
 Before: HALL, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 ITSI T.V. Productions, Inc. ("ITSI") appeals from the district court's judgment in favor of the California Authority of Racing Fairs et al. ("CARF") on ITSI's copyright infringement claim against CARF. (No. 93-16717). CARF cross-appeals from the district court's grant of summary judgment in favor of ITSI on CARF's affirmative defenses of transfer of copyright, work for hire, and joint authorship. (No. 93-16718). In a consolidated appeal, CARF challenges the district court's denial of attorney's fees and costs. (No. 93-17167). We affirm.
 
 
 3
 We find no error in the district court's conclusion that ITSI is estopped from denying its consent to an implied license in favor of CARF. ITSI provided CARF with the signal knowing that it would be used for simulcast (CARF ER Vol. 3, RT 132-140), accepted compensation from CARF for additional costs involved in simulcasting (CARF ER Vol. 3, RT at 134-35; 449-56; Vol. 4 DE 3D), implicitly and explicitly encouraged parties involved in the initial simulcasts to continue those activities (CARF ER Vol. 4 at DE 2K, DE 2P, DE 3D), and does not dispute the district court's finding that ITSI entered into an oral agreement with CARF to settle at a later date differences between the parties over the use of the signal (CARF ER Vol. 3 at CR 558(5)). Given these facts, ITSI is barred from seeking its remedy in copyright law. Cf. Effects Assoc., Inc. v. Cohen, 908 F.2d 555, 558-59 & n. 7 (9th Cir.1990), cert. denied, 498 U.S. 1103 (1991). Because we affirm the district court's judgment on the basis of CARF's equitable estoppel defense, we need not reach the affirmative defense issues CARF raises in its cross-appeal.
 
 
 4
 On September 2, 1993, the district court denied CARF's request for attorney's fees under 17 U.S.C. Sec. 505 relying on and applying the standard set out in Del Madera Properties v. Rhodes and Gardner, Inc., 820 F.2d 973 (9th Cir.1987). Under Del Madera Properties, an award of Sec. 505 attorney's fees was "predicated upon a finding of bad faith or frivolity." Id. at 980.
 
 
 5
 On October 4, 1993, the district court denied ITSI's request for costs and stated:
 
 
 6
 The court has also noted that the Ninth Circuit's standing [sic] is up before the Supreme Court and that if the Supreme Court were to find that discretion was the central test for the award of attorney fees on the other side, the exact same result would occur because the court for the very same reason denied costs not only to ITSI but to CARF.
 
 
 7
 In Fogerty v. Fantasy, Inc., 114 S.Ct. 1023 (1994), the Supreme Court overruled our prior standard and held that the award of Sec. 505 attorney's fees is subject to the "equitable discretion" of the district court. Id. at 1033.
 
 
 8
 The district court anticipated the possibility that the Supreme Court would overrule our prior standard, and it indicated that in its discretion it would deny attorney's fees and costs to CARF.[1] It is unnecessary for us to remand in order to determine how the district court would rule on CARF's request for attorney's fees under Fogerty. Cf. Jackson v. Axton, 25 F.3d 884, 890 (9th Cir.1994).
 
 
 9
 We have considered the parties' remaining claims and find them meritless.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 CARF asks us in a footnote of their reply brief to strike as irrelevant that portion of ITSI's supplemental excerpt of record containing the district court's ruling on ITSI's motion for costs. CARF's request is meritless and falls short of the procedural requirements for a motion under Fed.R.App.P. 27 and 9th Cir.R. 27-1. To the extent the motion is before us, it is denied. See In Re Pace, 56 F.3d 1170, 1176 n. 10 (9th Cir.1995)