**FOOD LION, INC., Plaintiff,**

v.

**CAPITAL CITIES/ABC, INC., ABC Holding Co., American Broadcasting Companies, Inc., Lynne Neufer, Richard N. Kaplan, Ira Rosen and Susan Barnett, Defendants.**

**No. 4:95CV513.**

United States District Court,
M.D. North Carolina,
Salisbury Division.

Aug. 16, 1996.

MEMORANDUM OPINION

TILLEY, District Judge.

This case is before the Court on Defendants' Motion to Dismiss. It is the second of two cases involving these parties in this district and will be referred to as *"Food Lion II."* In *Food Lion II,* Plaintiff seeks a declaration that it owns copyrights to certain undercover videotapes made by Defendants Neufer and Barnett, two television producers who secured employment with Plaintiff during an investigation for the program, Prime-Time Live; Plaintiff also seeks infringement damages.[1] Defendants argue the allegations in the complaint fail to state a valid claim.

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), all well-pleaded allegations must be accepted as true and viewed in the light most favorable to the plaintiff. The case cannot be dismissed unless it appears certain that the plaintiff can prove no set of facts which would warrant the requested relief. *See Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied,* 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994). This standard must be applied to determine whether Plaintiff's allegations that it owns the copyrights at issue under either the "works made for hire" provision of the Copyright Act, 17 U.S.C. § 201(b), or the state-law doctrine of constructive trusts are colorable as a matter of law.

As to the Copyright Act claim, Plaintiff contends the videotapes are works made for hire "because they were 'prepared by an employee within the scope of his or her employment' within the meaning of [17 U.S.C. § 101(1) ]." Pl.'s Substituted Resp. in Opp. to Def's' Mot. to Dismiss at 8. As Plaintiff notes, "scope of employment" and other phrases used in the Copyright Act are terms of art taken from agency law. The Supreme Court has found that the Restatement (Second) of Agency provides useful guidance into the meaning of these phrases. *See Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 752 n. 31, 109 S.Ct. 2166, 2179 n. 31, 104 L.Ed.2d 811 (1989). As the Fourth Cir-

---

W. Andrew Copenhaver, Winston–Salem, NC, for plaintiff.

H. Hugh Stevens, Jr., Raleigh, NC, for defendants.

1. The first case, *Food Lion, Inc. v. Capital Cities/ABC, Inc.,* No. 6:92CV592 (M.D.N.C.) (*"Food Lion I "*) includes various tort claims related to the investigation.

cuit has observed, Section 228 of the Restatement (Second) of Agency provides that acts which are not of the kind a person is employed to do or which are not motivated in part from a desire to serve the employer are outside the scope of employment. *See Avtec Systems, Inc. v. Peiffer,* 21 F.3d 568, 571 (4th Cir.1994). The videotaping done in Plaintiff's stores meets neither of these conditions, nor any other reasonable, interpretation of scope of employment.[2]

Plaintiff's alternative, constructive trust theory is similarly unavailing. As Plaintiff recognizes, the Copyright Act specifically preempts rights recognized under state law that are equivalent to the exclusive rights provided for by federal copyright law. 17 U.S.C. § 301. Here, Plaintiff seeks a declaration of copyright ownership based on state law. The Copyright Act sets out the elements of copyright ownership, and thus, a declaration of ownership is a right exclusively provided for under federal law. Plaintiff's attempt to expand upon or circumvent this right by relying on state law is preempted. *See generally Del Madera Properties v. Rhodes & Gardner, Inc.,* 820 F.2d 973, 977 (9th Cir.1987) ("To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights.").[3]

For these reasons, Defendants' Motion to Dismiss is GRANTED[4] and Plaintiff's Motion to Consolidate is DISMISSED as moot.

---

2. Plaintiff virtually concedes that videotaping formed no part of the jobs Defendants Neufer and Barnett were hired to do. *See* Pl.'s Substituted Resp. in Opp. to Def's' Mot. to Dismiss at 11 n. 6 ("While it is not normally within the scope of a meat wrapper's or deli clerk's job to film their surrounding work conditions, it is not per se *inconsistent* with their job functions." (emphasis in original)).

3. Plaintiff's reliance upon cases in which constructive trusts have been used in relation to intellectual property rights is misplaced. In those cases, the plaintiffs were not attempting to use state law to define ownership. Further, to the extent preemption does not apply, the claim fails because Plaintiff has alleged no beneficial interest in the subject property as required under North Carolina's constructive trust doctrine. *See Leatherman v. Leatherman,* 297 N.C. 618, 256 S.E.2d 793 (1979).

4. As Plaintiff cannot show copyright ownership, its infringement claim fails.