133 F.3d 931
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tom WILKES, Planet Gear, Inc., a California Corporation,
Plaintiffs-Appellants,
v.
RHINO RECORDS INC., a California Corporation, Defendant-Appellee.
 No. 96-56238.
 United States Court of Appeals, Ninth Circuit.
 Dec. 17, 1997.
 
 Before: HALL, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Tom Wilkes and his company, Planet Gear, Inc., appeal the district court's summary judgment dismissal of their action for copyright infringement, unfair competition, and interference with prospective economic advantage. We affirm.
 
 
 3
 * The district court properly applied the 1909 Copyright Act to determine whether the Monterey International Pop Festival logo and other Festival artwork created by Wilkes in 1966-67 ("the Festival artwork") were "works for hire" whose copyright presumptively vested in the Monterey International Pop Festival Foundation ("the Foundation"). See Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996); Cleary v. News Corp., 30 F.3d 1255, 1259 n. 3 (9th Cir.1994). Contrary to appellants' argument, it is the date of publication, not the date of alleged infringement, that determines which act governs the the work-for-hire determination. See Lone Ranger Television v. Program Radio Corp., 740 F.2d 718, 719-20 (9th Cir.1984).
 
 
 4
 Under the 1909 Act, the person or entity for which an employee or independent contractor produces a work of an artistic nature owns the copyright in the work. See May v. Morganelli-Heumann & Assocs., 618 F.2d 1363, 1368 (9th Cir.1980); Lin-Brook Builders Hardware v. Gertler, 352 F.2d 298, 300 (9th Cir.1965). Appellants do not dispute the fact that Wilkes created the Festival artwork as art director for the Festival or for the purpose of auditioning for that position. The Foundation (or, in the earliest days of the Festival, Ben Shapiro) thus formed the motivating factor for production of the Festival artwork, and the Foundation presumptively owns any copyright in the Festival artwork.[1]
 
 
 5
 The work-for-hire presumption can be overcome by evidence of an agreement, either oral or written, by which an employee or independent contractor reserves the copyright in his work. See May, 618 F.2d at 1368-69. Appellants, however, bear the burden of proving such an agreement by a preponderance of the evidence. The evidence that appellants presented in opposition to Rhino's motion for summary judgment, even construed in the light most favorable to them, cannot satisfy this burden.[2] Because appellants cannot establish copyright ownership in the Festival artwork, the district court did not err in granting Rhino's motion for summary judgment on appellants' copyright infringement claim. See Celotex Corp. v. Catrett, 47? U.S. 317, 322-23 (1986).[3]
 
 II
 
 6
 Appellants' unfair competition claim is couched in a misappropriation theory. Because appellants have not identified any "extra element" that distinguishes the unfair competition claim from their copyright infringement claim, the unfair competition claim is preempted by § 301 of the 1976 Copyright Act. 17 U.S.C. § 301(a); see Summit Machine Tool Mfg. Corp. v. Victor CNC Sys., Inc., 7 F.3d 1434, 1440-42 (9th Cir.1993); Del Madera Properties v. Rhodes and Gardner, Inc., 820 F.2d 973, 977 (9th Cir.1987). The district court properly granted Rhino's motion for summary judgment on this claim.
 
 III
 
 7
 Finally, appellants cannot satisfy the requirements for proving either intentional or negligent interference with prospective economic advantage, Appellants offered no evidence beyond the allegations in their complaint to establish that it was Rhino's intent to affect appellants' alleged business relationships, and there is no genuine issue concerning the existence of a special relationship between appellants and Rhino. See Blank v. Kirwan, 39 Cal.3d 311, 330 (1985); J'Aire Corp. v. Gregory, 24 Cal.3d 799, 804 (1979) Summary judgment was thus proper with respect to appellants' claim for interference with prospective economic advantage.
 
 IV
 
 8
 Because appellants' claims are not patently frivolous, and appellants do not appear to have been motivated by bad faith, we exercise our discretion to deny Rhino's request for attorney's fees incurred in this appeal. See 17 U.S.C. § 505; Fantasy, Inc. v. Fogerty, 94 F.3d 553, 561 (9th Cir.1996) (award of attorney's fees to prevailing defendants within court's discretion).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellants contend that the Foundation cannot own the copyright in the Festival artwork because Wilkes created the artwork at his own studio, used his own equipment, controlled when and how long he worked, and had discretion over matters ranging from artistic design to the hiring of assistants. While these factors are indicative of an independent contractor relationship and would be important--and quite possibly determinative--under the 1976 Act, it ultimately "matter[s] little, if at all, [under the 1909 Act] that the commissioner neither possessed nor exercised the right to direct the manner in which the work was done." Brunswick Beacon, Inc. v. Schock-Hopchas Publ'g Co., 810 F.2d 410, 412 (4th Cir.1987)
 
 
 [2]
 It may be that Wilkes reserved the right to own the physical artwork itself, i.e., the original Festival poster and logo art. See Community for Creative Non-Violence v. Reid, 490 U.S. 730, 744 (1989) (under 1909 Act, "courts generally presumed that the commissioned party had impliedly agreed to convey the copyright, along with the work itself, to the hiring party.") (emphasis added). This purported reservation, however, would have no impact on Rhino's right to reproduce and distribute the Festival artwork as a licensee of the Foundation
 
 
 [3]
 Because appellants failed to establish ownership of a copyright in the Festival artwork, we do not address Rhino's alternative theories of implied assignment or implied license. Nor do we express an opinion on the ultimate validity or scope of any copyright the Foundation holds in the Festival artwork