**Steven SALIM, et al., Plaintiffs,**

v.

**Stan LEE, et al., Defendants.**

**No. 01CV3485.**

United States District Court, C.D. California.

April 2, 2002.

Jeffrey T. Melching, S. Daniel Harbottle, Layne H. Melzer, Rutan & Tucker, Costa Mesa, CA, for Plaintiffs.

Michael D. Morin, Margolis & Morin, Los Angeles, CA, for Stan Lee.

Edward G. Poplawski, Danielle M. Criona, Sidley, Austin, Brown & Wood, Los Angeles, CA, for ParamountParks, Inc., Blur Studio Inc.

Neil O' Hanlon, Julie A. Shepard, Squadron, Ellenoff, Plesent & Sheinfwld, Los Angeles, CA, for Fox Latin American Channel Inc., Fox Kids Latin America Inc.

ORDER GRANTING IN PART AND DENYING IN PART FOX KIDS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

BAIRD, District Judge.

## I. INTRODUCTION

The plaintiffs, Steven Salim and Jesse Stagg, bring this action against numerous defendants, including the movants, Fox Latin American Channel, Inc., Fox Kids Latin America, Inc., and Fox Kids Europe Holdings, Inc. (collectively, "Fox Kids"). The Fox Kids defendants move to dismiss several claims against them, including claims for violations of California's Business and Professions Code § 17200 ("section 17200"), the Lanham Act, unjust enrichment, constructive trust and declaratory relief.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Since 1993, Plaintiffs have collaborated to develop an animation project entitled "Jason and the Cybernauts" ("Cybernauts"). First Amended Complaint ("FAC") ¶ 1. The Cybernauts project is protected by a United States Copyright. *Id.* ¶ 3.

In 1998, the Plaintiffs met with defendant Stan Lee to pitch their project and he expressed enthusiasm about the project. *Id.* ¶ 4. Following the 1998 meeting with Lee, Plaintiffs gave the Cybernauts work, as it was found in a promotional brochure, to a Hilly Elkins, who then gave the material to Lee. *Id.* ¶ 48. Unbeknownst to Plaintiffs, however, defendant Peter Paul also approached Lee. *Id.* ¶¶ 5, 6. According to the allegations, Plaintiffs had repeatedly held previous discussions with Paul in an attempt to gain his financial backing. *Id.* ¶ 5. Lee eventually went into business with Paul and the pair launched a website with an animation project entitled "The 7th Portal." *Id.* ¶ 7.

According to Plaintiffs, "[t]he 7th Portal is almost identical to Cybernauts." *Id.* ¶ 8. As a result they allege sixteen causes of action against Lee, Paul, and the corporation they formed, Stan Lee Media, Inc. ("SLM"), a defendant in this action.

Eventually SLM contracted with the Fox Kids defendants to (1) translate the 7th Portal series into foreign languages for distribution via internet and televison throughout foreign countries, (2) manage advertising for the 7th Portal in foreign countries; and (3) post a 7th Portal link on Fox websites. FAC ¶ 62. Based on this, Plaintiffs allege the Fox defendants have:

1) violated section 17200;

2) violated the Lanham Act, 15 U.S.C. § 1125(a);

3) been unjustly enriched; and

4) infringed Plaintiffs' copyright.

Additionally, Plaintiffs request a constructive trust be imposed on the Fox Kids defendants and request declaratory relief to adjudicate the respective rights between the Plaintiffs and Fox defendants with regard to The 7th Portal.

Fox Kids brings this motion to dismiss, arguing that all the state law claims against them are preempted by the Copyright Act, 17 U.S.C. § 101, et seq. Fox Mot. at 1. They also argue that the Lanham Act claim against them is deficient or, at best, simply duplicative of the copyright infringement claim. *Id.*

## III. ANALYSIS

### A. Legal Standard—Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). A complaint fails to state a claim if it does not allege facts necessary to support a cognizable legal claim. *See Balistreri v.*

*Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984).

In reviewing a Rule 12(b)(6) motion, the court must presume the truth of the factual allegations in the complaint, and draw all reasonable inferences in favor of the non-moving party. *See Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995); *see also Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). Dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citations omitted). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the plaintiff's claim. *See Usher,* 828 F.2d at 561.

### B. Legal Standard—Copyright Preemption

 States are expressly prohibited from legislating in the area of copyright law. *Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1003 (9th Cir.2001). In order for preemption to occur, two conditions must be satisfied: 1) the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103, and 2) the right asserted under state law must be equivalent to the exclusive rights contained in § 106 of the Copyright Act. *See id.* The preemption analysis "involves determining whether the state law claim contains an element not shared by the federal law, an element which changes the nature of the action so that it is qualitatively different from a copyright infringement claim." *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.,* 7 F.3d 1434, 1439 (9th Cir.1993). This process has been described as a fact-specific inquiry, look to see whether the

state law claims as they are asserted are "equivalent" to a federal copyright claim. *Idema v. Dreamworks, Inc.,* 162 F.Supp.2d 1129, 1190 (C.D.Cal.2001).

### C. Of What Wrongdoing Have the Fox Kids Defendants Been Accused?

Based on the factual allegations above, Fox Kids has translated, distributed, advertised and created a website for "The 7th Portal," the work that allegedly infringes the Cybernauts work. Within the framework of each state law claim, the Plaintiffs argue that these actions: a) constitute unfair business practices, b) have resulted in unfair gain, (c) should result in a constructive trust because the work was misappropriated, and (d) requires declaratory relief.

### D. Preemption Analysis

#### 1. Do These Allegations Fall Within the Subject Matter of Copyright?

The "subject matter" of copyright is broader than its protections. *See, e.g., Idema,* 162 F.Supp.2d at 1189. Plaintiffs do not dispute that their animation project falls within the subject matter of copyright.

#### 2. Do The Unfair Business Practice Allegations Involve "Equivalent" Rights Under a Reverse Palming Off Theory?

 The Copyright Act grants rights "to prepare derivative works based upon the copyrighted work," "to distribute copies … to the public," and "to display the copyrighted work publicly." 17 U.S.C. § 106. According to Plaintiffs' allegations, "The 7th Portal" is a derivative work based upon the copyrighted work (Cybernauts). FAC ¶ 94. Fox Kids stands accused of distributing, advertising and translating this derivative work. *Id.* ¶ 69. It also is accused of creating a website

showcasing the "The 7th Portal," thus creating another derivative work of its own. *Id.*

As the Court views these allegations, on their face they are no different than the plaintiff's complaint in *Kodadek v. MTV Networks. Inc.*, 152 F.3d at 1212. There, the plaintiff accused MTV of "publishing and placing on the market for sale products bearing the images [Beavis and Butt-head] subject to the copyright ownership of the plaintiff and has thereby been engaging in unfair trade practices and unfair competition," where MTV gave creative credit for the work to another defendant, rather than the plaintiff. *Id.* at 1210, 1212. The *Kodadek* court found these allegations were preempted and cited to a section of Nimmer on Copyright, the full section of which is quoted below:

> If A claims that B is selling B's products and representing to the public that they are A's, that is passing off. If, by contrast, B is selling B's products and representing to the public that they are B's, that is not passing off. A claim that the latter activity is actionable because B's product replicates A's, even if denominated "passing off," is in fact a disguised copyright infringement claim, and hence preempted. But if, in addition, B falsely claims to have reprinted the work with A's permission, then the unfair business claim may survive.

1 Nimmer on Copyright § 1.01[B][1][e] at 1–28.1 (2001); *see also Kodadek*, 152 F.3d at 1213.

Plaintiffs respond that the section 17200 claim is predicated on a reverse passing off theory.[1] Opp'n at 6. According to plaintiffs, reverse passing off claims are not preempted because they contain the requisite "extra element." *See id.* (citing *Summit Machine Tool Manuf. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1441 (9th Cir.1993)). Reverse passing off occurs when someone markets a product as their own, when the product was created by someone else. *See Summit Machine*, 7 F.3d at 1437, 1441. This doctrine has been limited to situations of bodily appropriation. *Shaw v. Lindheim*, 919 F.2d 1353, 1364 (9th Cir.1990).[2] Bodily appropriation is defined in the copyright context as "copying or unauthorized use of substantially the entire item." *See Cleary v. News Corp.*, 30 F.3d 1255, 1261 (9th Cir.1994). In the context of reverse palming off, this definition is useful because it recognizes that slight modifications of a product might cause customer confusion, while products which are merely generally similar will not. *Id.* Under *Summit Machine*, "[s]tate unfair competition laws which seek to prevent reverse palming off are not preempted by federal law." 7 F.3d at 1441.

At first glance it appears difficult to reconcile the *Summit Machine* line of authority and *Kodadek*. The broad rationale of *Kodadek* would dictate the conclusion that reverse palming off is preempted unless some additional misrepresentation, beyond the misattribution inherent to copyright violations, exists. *See Lacour v. Time Warner, Inc.*, 2000 WL 688946 *1, *7–8 (N.D.Ill.2000). The Court does not read *Kodadek* this broadly however, as the *Kodadek* district court's preemption decision can be understood as hinging on the plaintiff's failure to allege or show bodily appropriation. *See Kodadek v. MTV Networks*, 1996 WL 807435 *1, *4 (C.D.Cal. 1996) *aff'd* 152 F.3d 1209 (9th Cir.1998).

---

**1.** The Court will treat "reverse palming off" and "reverse passing off" as interchangeable terms.

**2.** The considerations under California state law for reverse palming off are the same as they are for reverse palming off under the Lanham Act. *See Summit Machine,* 7 F.3d at 1441–42.

This reading is consistent with *Shaw* and alleviates the need to find a conflict between *Kodadek* and *Summit Machine*. *Cf. United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir.1992) (an appellate court faced with an irreconcilable conflict must call for *en banc* review unless the prior decision can be distinguished). Under *Shaw, Cleary* and *Summit Machine*, however, a state reverse passing off claim is not preempted if bodily appropriation is alleged.

Fox Kids argues that Plaintiffs have failed to allege more than substantial similarity, but the Court disagrees. Plaintiffs' allegation that "The 7th Portal" is "virtually identical" is sufficient to state this claim. FAC ¶ 109; see also *Cleary*, 30 F.3d at 1261. The Court therefore finds the unfair competition claim is not preempted to the extent it alleges reverse passing off under state law.

### 3. Does the Unjust Enrichment Theory Involve "Equivalent" Rights?

▮ Plaintiffs allegations of unjust enrichment are preempted unless there is an additional element beyond the use of the copyrighted work. *See Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir.1987) (overruled on other grounds). Plaintiffs argue this additional element is met by allegations of misrepresentation and breaches of confidence. Opp'n at 11–12. Plaintiffs view their case as a "sordid history of how they were robbed of the fruits of their labor through fraudulent representations, breaches of confidence and acts of bad faith." *Id.* at 10. Although these added elements might be the "extra elements" that would preclude preemption of their

claims against the other defendants, Fox Kids correctly points out that none of these allegations are directed *at* Fox Kids. Reply at 8. The Court therefore finds that the "extra element" is missing from the claim of unjust enrichment, and that claim is preempted under *Del Madera*.[3] 820 F.2d at 977.

### 4. Does the Unfair Competition Theory Based On Misrepresentation, Breach of Confidence, or Acts of Bad Faith Involve "Equivalent Rights"?

For the reasons stated above, the Court finds that Plaintiffs' other asserted unfair competitions theories—based on misrepresentations, breach of confidence, and acts of bad faith—are all based on allegations directed at defendants other than Fox Kids. *See* Opp'n at 10. These claims are therefore preempted. *See Kodadek*, 152 F.3d at 1213.

### 5. Does the Constructive Trust Claim Involve "Equivalent Rights"?

Plaintiffs argue that both unjust enrichment and fraudulent representations are adequate grounds for the imposition of a constructive trust. Opp'n at 12. In light of the Court's conclusions above, however, the constructive trust claims against Fox Kids are also preempted. *See Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1131–32 (N.D.Cal.2001).

### 6. Does the Declaratory Relief Request Involve "Equivalent Rights"?

Both parties appear to agree that Plaintiffs' declaratory relief claim is only

---

**3.** Nor does the Court find the "misrepresentation" over creative origin to be a sufficient "extra element". *Compare Valente–Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir.1989) (no preemption where misrepresen-

ted intent to perform contract) *with Kodadek*, 152 F.3d at 1210, 1212 (no "extra element" where credit given to defendant, rather than plaintiff).

preempted to the extent that their other state law claims are preempted. Opp'n at 13; Reply at 9. Because the Court rules the reverse passing off claim is not preempted, the declaratory relief action similarly escapes preemption. See *Firoozye*, 153 F.Supp.2d at 1132. To the extent preempted claims form the basis for the declaratory relief request, the declaratory relief request is also preempted. *See id.*

### E. Lanham Act Claim

■ In arguing for dismissal of the Lanham Act claim, Fox Kids initially asserts that a reverse passing off claim is not tenable under the Lanham Act.Fox.Mot. at 9. The Court's earlier discussion resolves this argument against Fox Kids because a reverse palming off claim can be stated under the Lanham Act where there is bodily appropriation. *See Shaw v. Lindheim*, 919 F.2d at 1364. Plaintiffs' allegations that "The 7th Portal" and the Cybernauts are virtually identical are sufficient under *Cleary* and *Summit Machine* to state a claim of reverse palming off.

■ Fox Kids also argues that the Lanham Act claims are duplicative of the Copyright Act claim, and should be dismissed as "redundant and unnecessary." Fox.Mot. at 9. Plaintiffs argue that the added misrepresentations that Lee created "The 7th Portal" project based on a concept by Paul prevent this claim from being superceded by the Lanham Act. Opp'n at 14. The Court disagrees to the extent that Plaintiffs assert these misrepresentations are somehow different than the misrepresentations that are part and parcel of copyright infringement. *See, e.g., Lacour*, 2000 WL 688946 at *8; *see also Kodadek*, 152 F.3d at 1213 (concluding no qualitative difference from copyright claim where TV station affirmatively gave credit to another defendant rather than plaintiff). Although the Court concludes these allegations are identical to copyright claims, they are not superseded by the Copyright Act however.

*Shaw* refused to *expand* Lanham Act protection, but the *Cleary* court's reasoning makes clear how reverse passing off can overlap with the Copyright Act's protections in very limited circumstances where there is bodily appropriation. *See* 30 F.3d at 1261. This overlap apparently allowed by the Ninth Circuit contrasts with the approach embodied in the cases cited by Fox Kids. *See* Reply at 12–13. Plaintiffs central case, *Lacour*, contrasts the Second Circuit's approach with the Ninth Circuit's and its conclusion, dismissing the Lanham Act claim unless there is an additional misrepresentation, is in line with the Second Circuit's approach. *See* 2000 WL 688946 at *4–5, *7. The Court, as it must, follows the Ninth Circuit. *See Summit Machine*, 7 F.3d at 1438 (evaluating merits of Lanham Act reverse palming off claim while holding "Summit's lathe falls within the spheres protected by, or intentionally left unprotected by copyright and patent law."). Because Plaintiffs have alleged a claim under the Lanham Act as the Ninth Circuit interprets the Act, the Court DENIES Fox Kids' motion to dismiss the Lanham Act claim.

## V. CONCLUSION

For the foregoing reasons, the Court:

1) GRANTS the Fox Kids defendants' motion to dismiss the unjust enrichment and constructive trust claims against the Fox Kids defendants;

2) GRANTS the Fox Kids defendants' motion to dismiss the unfair business practices claim and request for declaratory relief insofar as these are based on theories other than reverse palming off;

3) DENIES the Fox Kids defendants' motion to dismiss the unfair business practice claim and request for declar-

atory relief insofar as these are based on a theory of reverse palming off; and

4) DENIES the Fox Kids defendants' motion to dismiss the Lanham Act claim.

IT IS SO ORDERED.